a lengthy trial, and the consideration by this court and the Court of Appeals of its voluminous record, and the final determination of the controversy, to grant such relief would be eminently unfair to the plaintiff, especially now that the architect's evidence cannot be had. In this connection it may be observed that the contention of the appellant that the certificate was made, not at all as a result of the exercise of judgment by the architect, but wholly upon the mere say so of an assistant, whose experience and competency the appellant attacks, is somewhat astounding, in view of the long-continued connection the architect had with the construction of the building, and in view of the fact that he was present at the building, or the office run in connection therewith, daily during its construction until May 6, 1903, and under a weekly salary paid by the defendant.

We have considered other phases of the matter discussed by the appellant, but are of opinion that it is concluded upon these questions by the law of the case as already established.

We reach the conclusion that the order should be affirmed, with costs.

---

### NEIDLINGER v. STOKES.

(Supreme Court, Appellate Division, Second Department. January 24, 1908.)

Action by George H. Neidlinger against William E. D. Stokes. Judgment for plaintiff. From an order denying a new trial, defendant appeals. Affirmed.

Argued before JENKS, HOOKER, RICH, MILLER, and GAYNOR, JJ.

Abraham Gruber, for appellant.
Frank Harvey Field, for respondent.

PER CURIAM. Order affirmed, with costs, on the authority of Neidlinger v. Onward Construction Company (decided herewith) 109 N. Y. Supp. 717.

---

### NAVE v. KRIETE et al.

(Supreme Court, Appellate Term. April 10, 1908.)

COURTS—MUNICIPAL COURTS—APPEAL—DEFECTIVE RECORD.
Where, on appeal to the Appellate Term from a Municipal Court judgment, the return was defective for failure to contain the complaint and answer, the record would be returned to the files of the court for correction.

Appeal from Municipal Court, Borough of Manhattan, Twelfth District.

Action by Mark D. Nave against Otto Kriete and another. From a Municipal Court judgment for plaintiff, defendants appeal. Record returned to files for correction.

Argued before GILDERSLEEVE, P. J., and SEABURY and DAYTON, JJ.

Holm, Whitlock & Scarff, for appellants.
Henry Brill, for respondent.

PER CURIAM. The return herein is defective, in that there is no complaint or answer therein.

Record returned to files of the court to await such action as counsel may deem proper.

---

## REGULUS CIGAR CO. v. FLANNERY.

### (Supreme Court, Appellate Term. April 10, 1908.)

CONTRACTS—ACTIONS—BURDEN OF PROOF.

  · Where defendant agreed to pay the debts of F. to the amount of $15,000 and he paid a number of claims presented, and claimed the amount so paid aggregated more than that sum, on further claims being presented, the burden was on him to show payment by him of bona fide debts of F. to that amount.

Appeal from Municipal Court, Borough of Manhattan, Sixth District.

Action by the Regulus Cigar Company against John P. Flannery. From a judgment for defendant, plaintiff appeals. Reversed, and new trial ordered.

See 105 N. Y. Supp. 95.

Argued before GILDERSLEEVE, P. J., and SEABURY and DAYTON, JJ.

Samuel P. Hyman, for appellant.
Myers & Goldsmith, for respondent.

DAYTON, J. On the former appeal herein (App. Term, June, 1907) it seems to have been held that plaintiff had a cause of action upon defendant's undertaking of February 20, 1907, to pay the debts of Fischer & Flannery "to the extent of $15,000 only," and any other debts of said firm "above the said sum of $15,000 shall be paid by the said Henry Fischer." The claim of plaintiff against Fischer & Flannery for $258.40 was sufficiently proven. Defendant testified that he had paid out more than $15,000 under his agreement; but on March 13, 1907, he wrote to plaintiff's attorney as follows:

"Mr. Goldsmith writes me that you have been given the claim of George Griot and Regulus Cigar Co. for collection. Let me say that both were notified to present their bills at No. 63 last Tuesday and get their money. Every other creditor received theirs, except Mr. Fischer's friend, Fusy Bros.," etc.

In view of this letter, it would seem that defendant could not well claim that plaintiff's demand was not within the $15,000 he had agreed to pay, or at least he ought to have submitted testimony to show in detail the payment by him of bona fide debts of Fischer & Flannery in excess of $15,000.

Judgment reversed, and new trial ordered, with costs to appellant to abide the event. All concur.